UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :     **SEALED INDICTMENT**

       - v. -                       :     20 Cr. ___

RICHARD RUBIN, and                   :     20 CRIM 632
THOMAS CRAFT,                        :

       Defendants.                  :

- - - - - - - - - - - - - - - - - x

**COUNT ONE**
(Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

**Relevant Individuals**

1.   RICHARD RUBIN, the defendant, was admitted to the New York State Bar in 1968. From in or about September 1969 through in or about July 1976, RUBIN served as an attorney for the United States Securities and Exchange Commission (the "SEC") in several capacities, including as a trial attorney with the SEC's Division of Enforcement. On or about February 23, 1995, RUBIN was disbarred by New York's Appellate Division, First Department. At all times relevant to this Indictment, RUBIN was not reinstated by the New York State Bar or licensed by any other jurisdiction.

2.   At all times relevant to this Indictment, THOMAS CRAFT, the defendant, was a licensed attorney in good standing with the Florida Bar.

**Securities Registration Requirements and SEC Rule 144**

3. Under the Securities Act of 1933 (the "Securities Act"), anyone seeking to sell a security must first register that security unless an exemption applies. *See* 15 U.S.C. § 77e. This registration requirement protects investors by promoting disclosure of information pertinent to informed investment decisions.

4. A company registering new securities must complete a registration statement known as SEC Form S-1 before the securities can be listed on a national exchange and publicly traded. SEC Form S-1 contains information pertinent to informed investment decisions, including, among other things, information on the company's business operations, the company's financial condition, and a description of the company's management. In connection with SEC Form S-1, the company is required to file an opinion letter (the "Form S-1 Opinion Letter") from a licensed attorney attesting that the statements in the SEC Form S-1 are true and correct. A company's SEC Form S-1 and the Form S-1 Opinion Letter are available to the public on the SEC's Electronic Data Gathering, Analysis, and Retrieval System ("EDGAR").

5. "Restricted securities" refers to securities acquired in unregistered, private sales from the issuing company or from an affiliate of the issuer, with "affiliate" meaning a person

2

that directly, or indirectly controls, or is controlled by, or is under common control with, an issuer. Affiliates can also include an executive officer or a director or large shareholder who is in a relationship of control with respect to the issuing company. Restricted securities bear a legend indicating that the securities may not be resold in the marketplace unless they are registered with the SEC or are exempt from such registration requirements.

6. Securities Act Rule 144 ("Rule 144"), codified at 17 C.F.R. § 230.144, provides a registration exemption for restricted securities. Specifically, it permits the public resale of restricted securities if a number of conditions are met, including conditions relating to how long the securities are held, the way in which they are sold, the public information available to investors about the securities, and the amount that can be sold at any one time. Pursuant to Rule 144, however, even if these conditions are met, the sale of restricted securities to the public is still not permitted until a transfer agent removes the "restricted" legend from the security.

7. The term "transfer agent" refers to a company that keeps track of individuals and entities that own the stocks and bonds of a given company that has publicly traded securities. Among other things, transfer agents issue and cancel certificates to reflect changes in ownership, serve as the

company's intermediary for payouts, exchanges, or mailings, and handle lost, destroyed or stolen certificates. Transfer agents also, when appropriate, remove the "restricted" legend from securities.

8. A Rule 144 Seller's Representation Letter, or "Seller's Representation Letter," is a letter from an affiliate seller (that is, a seller in a relationship of control with the issuer, such as an executive officer, a director, or a large shareholder) of restricted securities to a transfer agent to establish certain facts underlying a legal opinion that the securities at issue can be sold publicly pursuant to Rule 144. The issuer's consent to the removal of a legend typically comes in the form of an opinion letter from the issuing company's attorney, the Seller's Representation Letter, indicating that the securities at issue satisfy the conditions of Rule 144. Seller's Representation Letters contain multiple attestations that are required by law prior to the restricted legend being removed. The transfer agent relies on the Seller's Representation Letter in determining whether to remove the restricted legend from a security.

### Over-the-Counter Securities and OTC Markets Group

9. Over-the-counter ("OTC") securities are securities that are traded between two counterparties outside of a formal securities exchange. OTC Markets Group ("OTC Markets") is a

4

securities market headquartered in New York, New York that provides price and liquidity information for OTC securities.

10.  OTC Markets requires issuers seeking to be listed on OTC Markets to hire a licensed attorney to review company records and submit a letter to OTC Markets (an "OTC Markets Attorney Letter") regarding whether information publicly disclosed by the issuer is in compliance with the condition in SEC Rule 144 governing the public information available to investors about the issuer.  OTC Markets relies on the OTC Markets Attorney Letter to determine whether an issuer's security may be listed on OTC Markets.  OTC Markets Attorney Letters are available to the public on the OTC Markets website.

## The Scheme to Defraud

11.  From at least in or about 2011 through at least in or about September 2018, RICHARD RUBIN and THOMAS CRAFT, the defendants, participated in a fraudulent scheme in which CRAFT falsely represented that he had undertaken certain legal work in connection with Seller's Representation Letters, OTC Markets Attorney Letters, and S-1 Opinion Letters, all of which enabled the relevant securities to be sold to the investing public.  In truth and in fact, RUBIN, despite his disbarment, had undertaken all of the legal work attested to in the letters; CRAFT merely served as a "rubber stamp" on the letters in exchange for tens of thousands of dollars in monetary compensation.  CRAFT

5

undertook the scheme knowing that RUBIN had been disbarred and that accordingly, RUBIN could not sign the letters himself.

12.   In addition, in connection with the securities of certain issuers, RICHARD RUBIN, the defendant, falsely represented that he was an attorney in Seller's Representation Letters and OTC Markets Attorney Letters, all of which enabled the relevant securities to be sold to the investing public. RUBIN also falsely represented that he was an attorney in communications with staff in the SEC's Division of Enforcement.

13.   The false representations were in letters pertaining to over a dozen companies, including OWC Pharmaceutical Research Corporation ("OWC"), which is a medical marijuana company with its principal office in Israel.  The securities of OWC, which was incorporated in Delaware in March 2008 under the name "Dynamic Applications, were registered with the SEC under Section 12(g) of the Securities Exchange Act of 1934 on or about February 13, 2013.  On or about November 25, 2014, Dynamic Applications changed its name to OWC Pharmaceutical Research Corporation.

## Statutory Allegations

14.   From at least in or about 2011 through at least in or about September 2018, in the Southern District of New York and elsewhere, RICHARD RUBIN and THOMAS CRAFT, the defendants, and others known and unknown, willfully and knowingly did combine,

conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and securities fraud, in violation of Title 18, United States Code, Section 1348.

15.   It was a part and an object of the conspiracy that RICHARD RUBIN and THOMAS CRAFT, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

16.  It was a further part and an object of the conspiracy that RICHARD RUBIN and THOMAS CRAFT, the defendants, and others known and unknown, willfully and knowingly would and did execute a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities and Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

### Overt Acts

17.  In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.  On or about June 28, 2015, THOMAS CRAFT, the defendant, made false representations in an OTC Markets Attorney Letter prepared by RICHARD RUBIN, the defendant.

   b.  On or about April 11, 2017, CRAFT made false representations in an S-1 Opinion Letter prepared by RUBIN.

   c. On or about April 6, 2018, CRAFT made false representations in a Seller's Representation Letter prepared by RUBIN.

   (Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

  18. The allegations contained in paragraphs 1 through 13 and 17 of this Indictment are repeated and realleged as if fully set forth herein.

  19. From at least in or about 2011 through at least in or about September 2018, in the Southern District of New York and elsewhere, RICHARD RUBIN and THOMAS CRAFT, the defendants, willfully and knowingly executed a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of

1934, to wit, RUBIN and CRAFT engaged in a scheme to defraud the investing public by making false representations in Seller's Representation Letters and OTC Markets Attorney Letters, in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934, including but not limited to, OWC.

(Title 18, United States Code, Sections 1348 and 2.)

## COUNT THREE
### (Securities Fraud)

20. The allegations contained in paragraphs 1 through 13 and 17 of this Indictment are repeated and realleged as if fully set forth herein.

21. From at least in or about 2011 through at least in or about September 2018, in the Southern District of New York and elsewhere, RICHARD RUBIN and THOMAS CRAFT, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, RUBIN and CRAFT engaged in a scheme to defraud the investing public by making false representations in Seller's Representation Letters and OTC Markets Attorney Letters, and S-1 Opinion Letters, which enabled securities to be sold to investors.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATION**

22. As a result of committing one or more of the offenses alleged in Counts through Three of this Indictment, RICHARD RUBIN and THOMAS CRAFT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets Provision

23. If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461; Title 31, United States Code, Section 5317.)

_____
FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RICHARD RUBIN and THOMAS CRAFT,

Defendants.

### SEALED INDICTMENT

20 Cr. _____

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Sections 371, 1348, and 2.)

Foreperson

AUDREY STRAUSS
Acting United
States Attorney